## DANIEL STEARNS *versus* DARIUS RICE.

A tract of land was conveyed by a deed which described it as bounding on a road, and stated the number of acres which it contained. Subsequently the road was discontinued, and a new road laid out, by which a small portion of the tract was separated from the residue. After the new road had been made, the demandant, to whom the tract had been conveyed, mortgaged a tract of land, the deed of mortgage defining the land by bounds, one of which was the road, without stating the length of the lines, and describing the land as the same land which was conveyed in the first mentioned deed and as containing the same number of acres, and referring to that deed for all further necessary description. It was *held*, that the small portion of land so separated by the location of the new road, did not pass by the mortgage deed.

WRIT of entry, in which the demandant claims title to a tract of land in the town of Worcester, containing two acres and one hundred and five rods.

By an agreed statement of facts it appeared, that on January 1, 1782, John Stearns conveyed to Benjamin Lathe one undivided half of a tract of land containing twenty-eight acres, lying in four separate parcels ; that one of these parcels, which was bounded southerly and westerly by the county road leading to Mendon, included the demanded premises ; that by a subsequent deed the other half of the tract was also conveyed to Lathe ; that on April 8, 1795, Lathe conveyed the same tract to the demandant, the deed referring to the deed of January 1, 1782, for a particular description ; that on May 3, 1826, the demandant and Daniel Stearns jun., to whom the demandant had conveyed one undivided half of the land, mortgaged a tract of land to Isaiah Thomas, which was defined in the deed of mortgage, by bounds, without stating the length of the lines, and described as " containing by estimation sixty-one acres, and is the same land which was conveyed to Daniel Stearns, by Isaac Flagg, by his deed dated January 1, 1787, recorded &c., and by Benjamin Lathe, by his deed dated April 8, 1795, recorded &c., reference to said deeds to be had for all further necessary description."

It also appeared, that in the deeds of Flagg and Lathe thus referred to, the quantity of land conveyed in such deeds respectively, was estimated at sixty-one acres.

Subsequently to the date of the deed from Stearns to Lathe, but previously to the date of the mortgage deed to Isaiah

Thomas, the road referred to in the former deed was discontinued, and a new road was laid out, which separated the demanded premises from the main body of the land described. The land mortgaged was described in the mortgage deed to Isaiah Thomas as bounding on the road.

On May 12, 1830, the right in equity of redeeming the mortgaged land was duly conveyed by a sheriff's deed to Thomas Rice, who on May 20, 1831, conveyed the same to the tenant. The tenant entered on the demanded premises and claimed to hold them by virtue of these conveyances.

The demandant, to whom Daniel Stearns jun. had mortgaged his half of the demanded premises, had entered for condition broken before the commencement of this action, and he claimed to recover them, as never having passed by the mortgage deed to Isaiah Thomas.

A nonsuit or default was to be entered, according to the opinion of the Court upon these facts.

*Oct. 7th.*

*Davis* and *Washburn*, for the plaintiff, cited *Pernam* v. *Wead*, 6 Mass. R. 131 ; 4 Kent's Comm. 455 ; *Rust* v. *Boston Mill Corporation*, 6 Pick. 170 ; *Codman* v. *Winslow*, 10 Mass. R. 146 ; *Tyler* v. *Hammond*, 11 Pick. 193.

*Newton* and *Lincoln*, for the defendant, cited *Proprietors of Kennebec Purchase* v. *Tiffany*, 1 Greenl. 219 ; *Lunt* v. *Holland*, 14 Mass. R. 149 ; *Davis* v. *Rainsford*, 17 Mass. R. 207 ; *Jackson* v. *Blodget*, 16 Johns. R. 172 ; *Worthington* v. *Hylyer*, 4 Mass. R. 196 ; *Keith* v. *Reynolds*, 3 Greenl. 393 ; *Vose* v. *Handy*, 2 Greenl. 322.

*April term
1834.*

SHAW C. J. delivered the opinion of the Court. If the demanded premises were included in the mortgage deed to Thomas of 1826, then the tenant has the better title ; but if not so included, the demandant is entitled to recover. This depends upon the construction of the descriptive part of this mortgage deed, as it applies to the monuments and local objects.

In applying this description to the land, the Court are of opinion, that the demanded premises were not included and did not pass by the deed of Daniel Stearns and Daniel Stearns jun. to Isaiah Thomas. Where there are descriptions in a deed apparently conflicting, the Court will endeavour to recon-

cile them if possible ; and if not to be reconciled, such part must be adopted and such rejected, as will best carry into effect the intent of the parties, as far as it can be ascertained.

In applying descriptions to local objects, it must be understood that the parties had reference to local objects as they existed at the time the deed was made, unless there is something to control this presumption.    The road mentioned in the deed therefore, must be the road as it was in 1826, which separates the premises from the land described ; so that it is clear, that by a precise and definite description, the premises were excluded from that part of the description, which designates the land intended to be mortgaged by metes and bounds.    And the subsequent words referring to former deeds, " and is the same land which was formerly conveyed " &c., do not necessarily control the former description, and are not necessarily repugnant.    It is the same land, but not the whole of the same land.    Besides, this was a mortgage, and not a sale of the land by the acre or otherwise, in which case the quantity of land embraced in the description, would be a much more important consideration ; and therefore, in looking for the general intent of the parties, there is much less reason to suppose, in a mortgage where a security and not an alienation was contemplated, that a small and detached part of the estate was intended to be included.

*Tenant defaulted.*